## James Connor *vs.* Harvey Hackley.

A., having made a contract with a railroad corporation to build a *section of their* road, and having employed B., at certain stipulated wages, to superintend the laborers, afterwards assigned his contract with the corporation to C., and B. went into C.'s employ, performing the same service which he had performed for A., but without any new express agreement for wages. *Held,* that these facts did not constitute an implied contract between B. and C. that B. should work for the same wages which he received from A., but were evidence only, from which a jury might or might not infer such contract.

Assumpsit for thirteen months and twenty-one days' labor, at $ 40 per month. The only question between the parties was, whether the plaintiff was entitled to more than $ 30 per month ; that rate of wages having been paid to him before action brought.

At the trial before *Dewey,* J. it appeared that Eleazer M. Townsend made a contract with the Western Railroad Corporation to do certain work on the 23d section of their road, and employed the plaintiff, at the stipulated wages of $ 30 per month, as superintendent of the laborers, &c. employed on said work ; that the plaintiff continued in the said employment until July 1837, when Townsend assigned his said contract to Hackley, the defendant ; that the plaintiff afterwards performed the same services for the defendant, which he had before performed for Townsend ; but that no new express bargain was made by the plaintiff and defendant, nor any notice given by the plaintiff to the defendant that he should not continue to labor for the same wages which he had received under his contract with Townsend.

The plaintiff introduced evidence tending to prove that his services to the defendant were worth the sum demanded.

The defendant requested the judge to instruct the jury, " that as matter of law, they were bound to infer a contract on the part of the plaintiff to work for the defendant at the same rate of wages originally stipulated for with the said Townsend, and for which the plaintiff continued to labor, until said Townsend transferred his interest in said contract to the defendant."

The judge declined so to instruct the jury, but instructed them, that it was competent for them to infer, and that the evi-

dence furnished strong grounds for the inference, that the proper compensation for the services of the plaintiff, while in the employ of the defendant, was to be at the rate of $ 30 per month, and that it was so understood by both parties ; but that it was for the jury to decide whether this was to be inferred, and if they drew such inference, they would fix the price at that rate per month. The jury found a verdict for the plaintiff for $ 102·35, being at a rate of wages exceeding $ 30 per month.

New trial to be granted, if the defendant was entitled to other and different instructions in matter of law.

*Wells & H. Morris*, for the defendant, cited *Healy* v. *Utly*, 1 Cow. 345. *Bradley* v. *Covel*, 4 Cow. 349. *N. H. Iron Factory Co.* v. *Richardson*, 5 N. Hamp. 294. *Shaw* v. *Lewistown Turnpike Co.* 3 Pennsyl. 445. *Lawrence* v. *Dale*, 3 Johns. Ch. 23. *Brinley* v. *Tibbets*, 7 Greenl. 70. 1 Saund. Pl. & Ev. 46.

*Ashmun & R. A. Chapman*, for the plaintiff, cited 3 Bl. Com. 161. *Savage* v. *Birckhead*, 20 Pick. 173.

SHAW, C. J. The defendant insists, that the circumstances proved constituted a contract between these parties, that Connor should work for the defendant at the same rate, at which he had been doing similar work for Townsend ; and that Hackley should pay Connor at the same rate of wages, which Townsend had been paying him. These circumstances were, that Townsend, as a contractor on the Western Railroad, had been engaged in a large job ; that he assigned his contract to Hackley, who undertook to complete the job ; that the plaintiff had been at work for Townsend as his superintendent, at $ 30 per month ; and, without any express agreement as to terms, went on to perform the same services for the defendant.

We cannot say that these circumstances in law *constitute* an implied contract, between these parties, the one to work at $ 30, and the other to pay $ 30 per month. It was the common case of one person performing services for another without any stipulation as to price ; in which case the law implies a contract to pay what the person performing the services deserves to have. The circumstances detailed constitute very strong evidence of

the understanding of the parties, as to the value of the services ; but as evidence they were rightly left to the jury, with proper directions. Most if not all the cases cited are cases where there was a privity between the parties. As where a tenant holds over, the law implies a contract to pay rent at the same rate. This might even be the case, if the estate were transferred by the landlord ; because the rent would pass as incident to the reversion, and the transfer of the estate would constitute a privity between the purchaser and the lessee. But the assignment of the company's contract from Townsend to Hackley constituted no privity, in fact, or in law, between Hackley and Townsend's former superintendent, or other persons employed. Neither would have any claim upon the other, but by virtue of some new contract, express or implied. The only question here is, whether the directions were right in point of law. The court being of opinion that they were, the exceptions are overruled.

*Judgment on the verdict.*